## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

QUEEN CHARLOTTE L. FRANKLIN,
     Plaintiff,

vs.

UC DRAKE HOSPITAL, et al.,
     Defendants.

Case No. 1:24-cv-611

Hopkins, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff, a resident of Cincinnati, Ohio, has filed a pro se civil complaint against several hospitals and a nursing care facility located in Cincinnati, Ohio. (Doc. 1-1). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is now before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

### Screening of Complaint

#### A.    Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the

plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-

2

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

### B.    Plaintiff's Complaint

Ms. Franklin's complaint is difficult to decipher. As such, the Court quotes Ms. Franklin's factual allegations verbatim. The complaint alleges:

> In 1975 there was an accident on Hollywood Ave., Cincinnati, OH 45224 which involved my grandparents. My grandmother was a patient at Providence Hospital, where she was operated on her brain where there was nothing wrong with her to have a brain operation. I, Charlotte L Franklin, was their guardian through probate 9–1974. Nor her husband or my consent. Then I had her transported to Christian Care Nursing Home, 625 Probasco Rd. Cincinnati, OH 45220. Someone had her transported to Drake hospital, 151 W. Galbreath Rd., Cincinnati, OH 45216 without our permission. After finding her where both being [illegible] by attorney Floyd Black – go find her. I did find her at Drake. My grandfather and I went to information desk, was told she there. He and I attempted to go visit her when a white woman met us in the hallway and ask, "who we were" after telling "she said we were not allowed to visit." Leave the hospital because our family said we were crazy. We left. The next morning a China man doctor called saying she passed away with cancer. I was told she was given poison candy August 27, 75. After that, my aunt had my grandfather's leg removed, where the hospital knew I was guardian of him as well – 1977. My daughter was a patient at Good Samaritan Hospital. They removed her leg and left a cater in her and released her.

(Doc. 1-1 at PAGEID 7). Ms. Franklin does not state the type of relief she is requesting.

3

**C.      Resolution**

Ms. Franklin's allegations are insufficient to state a claim with an arguable basis in law over which this federal Court has subject matter jurisdiction.

To the extent Ms. Franklin seeks to invoke the diversity jurisdiction of the Court under 28 U.S.C. § 1332(a), the complaint reveals such jurisdiction is lacking.   A district court has jurisdiction over a suit between citizens of different states when the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs."   28 U.S.C. § 1332(a). Ms. Franklin has not alleged the requisite amount in controversy to establish diversity jurisdiction.   In addition, the complaint alleges that Ms. Franklin and all of the defendants are Ohio citizens.  (Doc. 1-1 at PAGEID 4-5).   Therefore, there is no complete diversity of citizenship in this matter.   This Court lacks subject matter jurisdiction on the basis of diversity of citizenship over any state law claims Ms. Franklin may be alleging.

To the extent Ms. Franklin invokes the Court's federal question jurisdiction, the complaint fails to state a claim for relief.   District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.   In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, Ms. Franklin must allege facts showing the cause of action involves an issue of federal law.   *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).   The undersigned is unable to discern from the facts alleged in the complaint any federal statutory or constitutional provision that applies to give rise to an actionable claim for relief.

In any event, Ms. Franklin's pro se complaint is rambling, difficult to decipher, and

virtually incomprehensible.   Ms. Franklin's complaint provides no factual content or context from which the Court may reasonably infer that the named defendants violated Ms. Franklin's rights.   *Iqbal*, 556 U.S. at 678.   Ms. Franklin's allegations do not "give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests."   *Erickson*, 551 U.S. at 93 (citations omitted).

Accordingly, the complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

**IT IS THEREFORE RECOMMENDED THAT:**

1.   The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.   The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Ms. Franklin leave to appeal *in forma pauperis*.   Ms. Franklin remains free to apply to proceed *in forma pauperis* in the Court of Appeals.   *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date:   11/6/2024

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

QUEEN CHARLOTTE L. FRANKLIN,      Case No. 1:24-cv-611
      Plaintiff,

                                       Hopkins, J.
      vs.                              Litkovitz, M.J.

UC DRAKE HOSPITAL, et al.,
      Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.    This period may be extended further by the Court on timely motion for an extension.   Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.   If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.   A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).