IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| QUEEN CHARLOTTE L. FRANKLIN, *Plaintiff*, v. UC DRAKE HOSPITAL, *et al.*, *Defendants.* | Case No. 1:24-cv-611 Judge Jeffery P. Hopkins Magistrate Judge Karen L. Litkovitz |

**ORDER ADOPTING REPORT AND RECOMMENDATION (DOC. 4) AND OVERRULING OBJECTION (DOC. 6)**

This matter is before the Court on the Report and Recommendation issued by Magistrate Judge Litkovitz on November 6, 2024. Doc. 4. After performing an initial screen of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2), the Magistrate Judge recommended that the Court dismiss Plaintiff's Complaint in its entirety for failure to state a claim on which relief may be granted. *Id*. at PageID 19. The Court has thoroughly reviewed Plaintiff's Complaint (Doc. 3), the Report and Recommendation (Doc. 4), and Plaintiff's Objection to the Report and Recommendation (Doc. 6). Firmly convinced that Plaintiff has not stated any claim on which relief may be granted, this Court hereby **OVERRULES** Plaintiff's Objection and **ADOPTS** the Report and Recommendation in its entirety.

When a party objects to the report and recommendation of a magistrate judge on a dispositive matter, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). However, general or unspecific objections are treated the same as a failure to object. *See Slater v. Potter*, 28 F. App'x 512, 513

(6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."); *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object.").

Plaintiff, Ms. Queen Charlotte Franklin, filed her Complaint on November 6, 2024. Doc. 3. In the complaint, she alleged that in 1975 an unnecessary "brain operation" was done on her grandmother at Providence Hospital, who was later transported to Drake hospital where she died of cancer. Complaint, Doc. 3 at PageID 13–14. Ms. Franklin also claimed she was told her grandmother "was given poison candy." *Id.* at PageID 14.

Magistrate Judge Litkovitz concluded Ms. Franklin failed to state a claim for relief. Report & Recommendation, Doc. 4, PageID 19. To the extent Ms. Franklin sought to invoke the Court's diversity jurisdiction, the requirements for such jurisdiction were lacking because Ms. Franklin failed to allege the requisite amount in controversy and because she alleges she and all defendants are Ohio citizens. *Id.* at PageID 18. To the extent she invoked the Court's federal question jurisdiction, Ms. Franklin failed to state a claim for relief because she failed to "allege facts showing the cause of action involves an issue of federal law." *Id.*

Further, as Magistrate Judge Litkovitz rightly noted, Ms. Franklin's complaint was "rambling, difficult to decipher, and virtually incomprehensible." Report & Recommendation, Doc. 4, PageID 18–19. Her complaint "provides no factual content or context from which the Court may reasonably infer that the named defendants violated Ms. Franklin's rights." *Id.* at PageID 19. For that reason, too, Ms. Franklin failed to state a claim on which relief may be granted. *Id.*

Ms. Franklin's Objection to the Report and Recommendations is in large part illegible. Those portions of the Objection that are legible are general, unspecific assertions, rather than specific objections to Magistrate Judge Litkovitz's findings. *E.g.* Objection, Doc. 6 at PageID 26 ("I, Charlotte, Franklin was a victim of black and white citizens performing witchcraft in the courts and justice center; It all relates back to when I was in the work house, don't remember the dates . . ."). The filing of these vague objections "does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Slater v. Potter*, 28 Fed. Appx. 512, 513 (6th Cir. 2002). No specific objections having been filed, the Court hereby **ADOPTS** the Report and Recommendation in its entirety.

Accordingly, it is hereby **ORDERED** that the Complaint be **DISMISSED** with prejudice for failure to state a claim on which relief may be granted. Additionally, Defendant Mercy West Hospital, I.C.U.'s Motion to Dismiss is **DENIED AS MOOT**. For the reasons stated in the Report and Recommendation and pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this Order would lack an arguable basis in law or in fact and thus would not be taken in good faith. The Court accordingly **DENIES** Plaintiff leave to appeal *in forma pauperis*. In accordance with Fed. R. App. P. 24(a)(5), Plaintiff remains free to file a motion for leave to proceed on appeal *in forma pauperis* in the Sixth Circuit Court of Appeals. *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999).

**IT IS SO ORDERED.**

Dated:  December 12, 2024

Hon. Jeffery P. Hopkins
United States District Judge